**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | 1:07-cr-00005 JWS | |
| ) | | |
| vs. ) | ORDER FROM CHAMBERS | |
| ) | | |
| ROLLIN LEE SPENCER, and ) | | |
| SUZANNE DENISE ROLLIER, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

### I. MOTIONS PRESENTED

At docket 50, defendant Rollin Lee Spencer moved to exclude evidence. The United States filed a response at docket 62. At docket 51, defendant Spencer moved for an order relating to a *subpoenas duces tecum*. The United States responded at docket 63.

### II. DISCUSSION

**A. Motion at docket 50**

In his motion at docket 50, Mr. Spencer describes himself with a flourish as "a Living Man, Real Party in Interest Under Injury ("Creditor"), appearing by restricted and not general appearance in specific and sole capacity as creditor to the Defendant and Case No. 1:07 CR 00005 JWS ("Case") and through Private Discharging and Indemnity Bond, DTB-1052007- RLS-1 through 3rd Party Plaintiff and legal fiction Rollin Lee

Spencer . . . ."[1] In fact, Mr. Spencer is a defendant in a criminal case brought against him by the United States. The charges are not based on a bond, and have nothing to do with debtors and creditors. An examination of the statutes upon which the charges are based, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), makes that clear.

The motion asks the court to suppress "all evidence" arising from Spencer's arrest and interrogation and the search of "Greg Garrison's floating structure."[2] It appears that the major premise underlying the motion is Mr. Spencer's contention that the case at bar is actually a case in admiralty. From this premise, he reasons that all the evidence must be suppressed.

The motion does not explain how the prosecution of charges that Mr. Spencer is a felon who possessed firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) cannot be prosecuted in this United States District Court pursuant to jurisdiction expressly granted by Congress. Congress gave this court jurisdiction over any offense against the laws of the United States in 18 U.S.C. § 3231. The charges here are that Mr. Spencer committed offenses against the laws of the United States. The court's jurisdiction under 18 U.S.C. § 3231 is entirely separate from the court's admiralty jurisdiction under 28 U.S.C. § 1333.

In addition to the assertion that this case is one in admiralty, it appears that Mr. Spencer takes the position that the police officers who arrested him and conducted a search lacked authority to do so. It appears that this contention is premised on the proposition that this case is an admiralty case and that state and local authorities lack power to make arrests and conduct searches on floating properties. As explained above, this case is not an admiralty case. It appears that Mr. Spencer asserts that the United States Constitution eliminates the jurisdiction of state and local police over floating structures in state waters. However, Mr. Spencer cites no authority which so holds, and this court knows of none.

---

[1] Doc. 50 at p. 1.

[2] *Id.* at p. 2.

Case 1:07-cr-00005-TMB   Document 66   Filed 11/20/07   Page 2 of 3

**B. Motion at docket 51**

In the motion at docket 51, defendant asks for relief with regard to "attached subpoenas." The subpoenas to which Mr. Spencer makes reference appear to be *subpoenas duces tecum*, for he asks that the books, papers, records, and documents described in them be provided. However, no subpoenas were attached to the motion. So, the court cannot discern what documents are sought or otherwise evaluate Mr. Spencer's request. It follows that the motion must be denied.

## IV. CONCLUSION

For the reasons set out above, the motions at dockets 50 and 51 are **DENIED**. DATED at Anchorage, Alaska, this 20th day of November 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE