# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| |  |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>vs.<br>ROLLIN LEE SPENCER, et al.,<br>Defendants. | Case No. 1:07-cr-00005-TMB |

### ORDER DENYING DEMAND FOR VACATION [DKT. 293]

On November 22, 2019, Mr. Spencer filed a "Demand for Immediate Vacation of Void Judgment Due to Facially Void Warrant" ("Demand for Vacation").[1] For the following reasons, the Demand for Vacation is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On November 30, 2007, a jury found Defendant Rollin Lee Spencer guilty of two counts of Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[2] On March 5, 2008, the Court sentenced Mr. Spencer to 120 months of imprisonment and three years of supervised release.[3] On direct appeal, the Ninth Circuit affirmed this Court's sentence and judgment.[4]

---

[1] Docket 293 (Demand for Vacation).

[2] Dockets 2 (Indictment); 95 (Minute Entry).

[3] Dockets 152 (Minute Entry); 157 (Judgment).

[4] Dockets 211 (9th Cir. Memorandum); 213 (9th Cir. Mandate).

On July 8, 2016, Mr. Spencer commenced his three-year term of supervised release.[5] However, the Court found that Mr. Spencer committed multiple violations of his supervised release conditions and revoked supervision on June 1, 2019.[6] Mr. Spencer was sentenced to 24 months of imprisonment.[7] He then appealed the revocation.[8] On March 19, 2018, Ninth Circuit denied Mr. Spencer's requests for relief on appeal and affirmed the sentence.[9]

In the Demand for Vacation, Mr. Spencer argues that his arrest warrant in the underlying criminal case and his later arrest warrant based on the supervised release violations were invalid.[10] Mr. Spencer alleges that the warrants "did not contain the lawfully required impressed seal of the court."[11] Defendant argues that "[i]f a 'court' will not use the legislationally mandated seal then it is a counterfeit being coerced on the defendant . . ." and the "[l]ack of official court seal voids the process."[12] Defendant further argues that "if such a process is issued without the

---

[5] Docket 256 at 4 (Petition for Warrant).

[6] Dockets 276 (Minute Entry); 279 (Judgment on Revocation).

[7] Docket 279 at 2.

[8] Docket 281 (Notice of Appeal).

[9] Dockets 291 (Memorandum); 292 (Mandate).

[10] *Id.* at 1.

[11] *Id.* at 1–2.

[12] *Id.* at 2.

mandated court seal the process is fatally invalid and void, as in this case."[13] Mr. Spencer concludes that, because the arrest warrants lacked official seals, the "Court has exceeded its jurisdiction . . . causing him to be imprisoned without lawful authority."[14] As a result, Mr. Spencer seeks to have his criminal case "completely and immediately vacated."[15]

## II.     LEGAL STANDARD

Complaints and motions filed by *pro se* prisoners are to be liberally construed by the courts.[16] Under 28 U.S.C. § 2255(a), a district court may "vacate, set aside, or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or laws of the United States, or if the court was without jurisdiction to impose such sentence. Here, the Court liberally construes the Demand for Vacation as a motion to vacate under Section 2255.[17]

## III.     DISCUSSION

### A.     Arrest Warrants Issued on or about September 11, 2007

Mr. Spencer's claim for relief based on the allegedly improper September 2007 arrest warrant fails for two threshold reasons. First, the challenge is untimely.

---

[13] *Id.* at 3.

[14] *Id.* at 4.

[15] *Id.*

[16] *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000).

[17] *See Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995).

Motions under Section 2255 must be filed within one year of (1) the final judgment of conviction, (2) the date on which an impediment to making such a motion is removed, (3) the date the Supreme Court recognizes a new, retroactive right, or (4) the date new facts supporting the claim could have been discovered through due diligence.[18] Here, Mr. Spencer's sentence and judgment were issued in March 2008.[19] The present Demand for Vacation was filed over ten years later. Mr. Spencer does not claim that he was prevented from filing, or that he is relying on a newly recognized right, or that the basis for the claim could not have been discovered through due diligence at an earlier time. Therefore, the claim against the September 2007 arrest warrant is patently untimely and must be dismissed.

Second, despite the statute of limitations, the Demand for Vacation is an unauthorized second or successive Section 2255 motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."[20] Mr. Spencer previously filed a petition for writ of habeas corpus attacking his underlying conviction,[21] which the Court summarily dismissed with prejudice.[22] Mr. Spencer does not allege and the record does not show that

---

[18] 28 U.S.C. § 2255(f).

[19] Dockets 152, 157.

[20] 28 U.S.C. § 2255(h).

[21] Docket 237 (Petition).

[22] Docket 239 (Order).

he has obtained the Ninth Circuit's authorization to file another challenge under Section 2255. Therefore, the claim against the September 2007 arrest warrant is an unauthorized second or successive attack and must be dismissed.

Accordingly, because the claim against the September 2007 arrest warrant is both time-barred and second or successive, the Demand for Vacation as to that warrant is **DENIED WITHOUT PREJUDICE**. In the event Mr. Spencer wishes to pursue this claim *and* the Ninth Circuit authorizes a second or successive motion, Mr. Spencer is advised that his motion must comply with the rules regarding the form of a Section 2255 motion, as discussed below.

B.     <u>Arrest Warrant Issued on or about February 17, 2017</u>

Mr. Spencer's challenge of the February 2017 warrant must be dismissed for failure to follow the Rules Governing Section 2255 Proceedings and the Local Rules. Rule 2(c) of the Rules Governing Section 2255 Proceedings requires that a "motion must substantially follow either the form appended these rules or a form prescribed by a local district-court rule." Further, Rule 2(d) clarifies that if a party seeks relief from more than one judgment, the party "must file a separate motion covering each judgment."[23] The District of Alaska Local Habeas Corpus Rules requires that a motion under Section 2255 "be in the form provided by the clerk of

---

[23] Rule 2(d), Rules Governing Section 2255 Proceedings.

the court."[24] Here, Mr. Spencer's Demand for Vacation does not substantially follow the District of Alaska's form for a motion to vacate under Section 2255. Therefore, the Demand for Vacation as to the February 2017 arrest warrant is **DENIED WITHOUT PREJUDICE**.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED**:

1.   The Demand for Vacation at docket 293 is **DENIED WITHOUT PREJUDICE**.

2.   The Clerk of Court is directed to provide Mr. Spencer with the proper form to file a motion under Section 2255, as required by the Local Habeas Corpus Rules.[25] If Mr. Spencer wishes to proceed on his claim against the February 2017 arrest warrant, he must complete and return the attached form **within thirty (30) days of the date of this Order**.[26] Mr. Spencer is further advised that a deficient or incomplete motion may be summarily dismissed.[27]

Dated at Anchorage, Alaska this 12th day of December, 2019.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
United States District Judge

---

[24] D.Ak. HCR. 2.1(a)(2).

[25] D.Ak. HCR. 2.1(a)(2)

[26] D.Ak. HCR. 2.1(c)(1).

[27] D.Ak. HCR. 2.1(c)(2).